United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL MUNDO,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-04176 (EJD)<br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 11 |

Before the Court is Petitioner Samuel Mundo-Demetrio Demetrio's Amended Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 11 at 18. For the reasons that follow, the Court GRANTS the petition and orders Petitioner's immediate release.

Petitioner is a native of Mexico who entered the United States approximately twenty-one years ago without inspection by immigration authorities. *Id.* ¶ 21. Since entering the United States, Petitioner has become an active member of his community. He and his partner of nineteen years have four children, all of whom are United States citizens. *Id.* ¶ 22. He also volunteers for his church and, prior to his detention by ICE, was the primary financial support for his family. *Id.*

On April 15, 2026, Petitioner was arrested by ICE ay the Oklahoma County Detention Center. Dkt. No. 12 at 6. Earlier that day, Petitioner had been arrested by Oklahoma authorities after he had purchased two trailers off an online marketplace. Dkt. No. 11 ¶¶ 23–24. Authorities believed that the trailers had originally been stolen, unbeknownst to Petitioner who believed that his purchase was lawful. *Id.* ¶¶ 25–26. All criminal charges in relation to this incident have been dismissed. Dkt. No. 12 at 2. Notably, aside from this incident, Respondents have not indicated that

Petitioner has further criminal history.

Respondents maintain that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b). *See* Dkt. 12 at 1–2. As such, Petitioner has not been provided a bond hearing, nor does it appear that an Immigration Officer has made any individualized finding of dangerousness or risk of flight if Petitioner is released. Petitioner argues that Respondents' failure to provide him with a bond hearing, or make any kind of individualized custody determination, violates both the Immigration and Nationality Act ("INA") and his due process rights as he is entitled to receive the statutory process of 8 U.S.C. § 1226(a). *See* Dkt. No. 11 ¶¶ 45–53, 59–67.

As the Court has in the past, it rejects Respondents' argument that Petitioner's detention is mandatory under § 1225(b). The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 183 F.4th 1160, 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Section 1226(a) "and its regulations guarantee noncitizens detained under that provision multiple levels of 'substantial procedural protections' against the erroneous deprivation of their liberty[,]" including arrest upon a valid warrant, notice of the basis for continued detention, an initial custody determination by an immigration officer, and a bond hearing before an Immigration Judge at which the noncitizen can challenge the officer's custody determination. *Garcia-Maya v. Blanche*, No. 2:26-CV-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (quoting *Jacobo-Ramirez v. Mullin*, — F. Supp. 3d —, 2026 WL 879799 (D. Nev. 2026)). As Respondents only argue that Petitioner was detained pursuant to § 1225(b), and have not argued that Petitioner was provided with the process to which he was statutorily entitled under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, his continued detention violates the INA and his due process rights. *See, e.g., Zurita Navarro v. Warden, Cent.*

*Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or that a custody determination was made by an authorized immigration official); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (granting immediate release where Government denied that petitioner was detained under § 1226); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public).

Accordingly, the Amended Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 16, 2026

EDWARD J. DAVILA
United States District Judge